IN THE MATTER OF MARK S. SHUMAN. June 21, 2002. *Attorney at Law,* Disciplinary proceeding, Suspension. *Board of Bar Overseers.*

The respondent, Mark S. Shuman, has stipulated that he (1) submitted to the court a pretrial memorandum listing Norman Bates as an expert witness and describing Bates's "expected testimony" despite never having communicated with Bates about the case; at the judge's order, expanded on Bates's "expected testimony" in a two-page supplemental answer to the defendant's interrogatory; did not disclose that Bates would not be involved in the case until the day the case was scheduled for mediation; and (2) misplaced another client's file. The parties stipulated to facts in mitigation, including a large number of office moves in a short period of time due to factors beyond the respondent's control, including fire, building pilings sinking into the ocean, a break-in, and other, more mundane difficulties.

When this case was first reported to the Board of Bar Overseers (board), the board's hearing committee recommended a public reprimand and two years' probation, which bar counsel appealed to the full board. The board recommended a six-month suspension. A single justice of this court found the six-month suspension appropriate, and bar counsel appeals, seeking a suspension of one year and one day on the theory that a six-month suspension is "substantially disparate" from sanctions in similar cases. The respondent also argues that the single justice erred, but urges adoption of the hearing committee's recommendation of public reprimand and probation.

"[T]he recommendation of the board is entitled to substantial deference," *Matter of Karahalis*, 429 Mass. 121, 123 (1999), and the board's recommended sanction, which the single justice adopted, is not "markedly disparate" from sanctions in similar cases, *Matter of Segal*, 430 Mass. 359, 367 (1999), and cases cited. See, e.g., *Matter of Finnerty*, 418 Mass. 821, 830 (1994) (six-month suspension for misrepresentation to court with mitigation).

---

The order of the single justice is affirmed.

*So ordered.*

*Roger Geller*, Assistant Bar Counsel.
*J. Owen Todd* for the respondent.